UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 186 |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| JAMARI EDWARDS | ) | |

**GOVERNMENT'S SUPPLEMENT TO ITS
SENTENCING MEMORANDUM**

On August 14, 2025, the government filed its sentencing memorandum. Dkt. 42. Subsequently, the government determined that an additional sentencing enhancement applies to Counts Three and Five, pursuant to Guideline § 2B3.1(b)(4)(B). As such, the government is filing this supplement to its sentencing memorandum to address the change to defendant's advisory guidelines range.

**I.    Guideline § 2B3.1(b)(4)(B) Applies to Counts Three and Five**

Guideline § 2B3.1(b)(4)(B) provides for a two-level increase "if any person was physically restrained to facilitate the commission of the offense." The Seventh Circuit has defined physical restraint as "'depriving a person of his freedom of physical movement.'" *United States v. Herman*, 930 F.3d 872, 875 (7th Cir. 2019), quoting *United States v. Taylor*, 620 F.3d 812, 814 (7th Cir. 2010). In *United States v. White*, 80 F.4th 811, 513 (7th Cir. 2023), the Seventh Circuit held that grabbing a victim by the shirt and leading him to the lobby of a bank at gunpoint was sufficient to sustain the physical-restraint enhancement. "By pulling the bank manager by his shirt into the lobby at gunpoint, M.W. engaged in a physical act that "deprive[ed the manager]

of his freedom of physical movement. That's enough to justify application of the physical-restraint enhancement." *Id*. at 819. This holding is consistent with the upcoming 2025 Amendments to the Sentencing Guidelines, which amend the language of Guideline § 2B3.1(b)(4)(B) to applying the two-level enhancement "if any person's freedom of movement was restricted through physical contact or confinement, such as being tied, bound, or locked up" to facilitate the commission of the offense.[1]

Turning to the instant case, defendant physically restrained Victim B and Victim C in order to facilitate the carjackings. During the carjacking of Victim B, defendant pointed a gun at Victim B's back as he searched Victim B for the car keys. PSR ¶ 11. When defendant could not locate the car keys, he grabbed Victim B by the shirt and pulled him toward the car to look for the keys, while still holding the gun to Victim B's back. *Id*. By grabbing Victim B by his shirt, pulling Victim B to where the car was parked, and still holding the gun to Victim B's back, defendant deprived Victim B of his freedom of physical movement.

Similarly, during the carjacking of Victim C, defendant pointed a gun at Victim C's head and demanded that she "get out of the f****** car before I blow your brains out." PSR ¶ 12. When Victim C did not comply, defendant pulled Victim C out of the car by her necklace. *Id*. When defendant grabbed Victim C by her necklace and pulled her out of her car, while still holding the firearm he previously pointed at her head,

---

[1] Amendments to the Sentencing Guidelines, United States Sentencing Guidelines Commission, 5 (April 30, 2025), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202505_RF.pdf.

defendant deprived Victim C of her freedom of physical movement. As such, the two-level enhancement pursuant to Guideline § 2B3.1(b)(4)(B) should be applied to Counts Three and Five.

## II. Offense Calculation and Guidelines Range

### A. Count One

The government agrees with the PSR calculation as to Count One that the adjusted offense level is 26. PSR ¶ 26.

### B. Count Two

The government agrees with Probation that the guidelines sentence for Count Two is the term of imprisonment required by Title 18, United States Code, Section 924(c)(1)(A). PSR ¶ 27.

### C. Count Three

Pursuant to Guideline § 2B3.1, the base offense level for Count Three is 20. PSR ¶ 29. As discussed above, the offense level is increased by two levels because Victim B was physically restrained to facilitate the commission of the carjacking, pursuant to Guideline § 2B3.1(b)(4)(B). The offense level is increased by an additional two levels because the offense involved a carjacking, pursuant to Guideline § 2B3.1(b)(5). PSR ¶ 31. Thus, the adjusted offense level for Count Three is 24.

### D. Count Four

The government agrees with Probation that the guidelines sentence for Count Four is the term of imprisonment required by Title 18, United States Code, Section 924(c)(1)(A). PSR ¶ 36.

### E. Count Five

Pursuant to Guideline § 2B3.1, the base offense level for Count Five is 20. PSR ¶ 38. The offense level is increased by six levels because a firearm was otherwise used during the commission of the offense, pursuant to Guideline § 2B3.1(b)(2)(B). *Id.* ¶ 39. As discussed above, the offense level is increased by two levels because Victim C was physically restrained to facilitate the commission of the carjacking, pursuant to Guideline § 2B3.1(b)(4)(B). The offense level is additionally increased by two levels because the instant offense involved a carjacking, pursuant to Guideline § 2B3.1(b)(5). PSR ¶ 40. Thus, the adjusted offense level for Count Five is 30.

### F. Multiple Count Adjustment

Count Five has the highest offense level, an offense level of 30, and is assigned one unit pursuant to Guideline § 3D1.4(a). Count One is between one and four levels less serious than Count Five and is assigned one unit pursuant to Guideline § 3D1.4(a). Count Three is between five and eight levels less serious than Count Five and is assigned one half unit pursuant to Guideline § 3D1.4(b). Pursuant to Guideline § 3D1.4, because there are two and a half units, the offense level for Count Five is increased by three levels. As such, the adjusted offense level is 33.

After reducing the offense level by three levels for acceptance of responsibility, pursuant to Guideline §§ 3E1.1(a) and (b), the total offense level is 30. The government agrees with Probation that defendant has one criminal history point and is a criminal history category I. PSR Supp. ¶ 3. Thus, a total offense level of 30, combined with a criminal history category I, results in an advisory guidelines range

of 97 to 121 months. Defendant is also subject to a mandatory minimum sentence of ten years on Count Two and seven years on Count Four, to be imposed consecutively to any other counts and to each other. PSR ¶ 109.

### III. The §3553(a) Factors Support the Imposition of a Sentence of 293 Months in Prison

Despite the increase in defendant's advisory guidelines range, the government maintains its recommendation of 293 months' imprisonment for the reasons set forth in its sentencing memorandum (Dkt. 42). Such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553(a)(2).

### IV. Conclusion

For the reasons set forth above, as well as in the government's sentencing memorandum, the government respectfully requests that this Court impose a sentence of 293 months' imprisonment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:   */s/ Simar Khera*
Simar Khera
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Dated: September 3, 2025